

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-5871
Re: Accrual of crude oil pro-
    duction tax, provided for
    by Article 7057a, V.A.C.S.,
    on oil that may be lost
    (through no fault of the
    operator) after same has
    been run to the lease tank.

      This is in answer to your letter of February 16, 1944, in which you ask the opinion of this department concerning tax- es on oil lost through no fault of the operator after same has been run to the lease tank.

      The part of your letter setting out the fact situa- tion and the question you desire answered is as follows:

      "Frequently a producer reports the loss of oil after same has been run into the lease tank, such as, tank struck by lightning burned; tank washed away by flood waters; hole in tank and oil leaked out on ground; stolen; and other man- ner of losses.

      "Please tell me if the production tax ac- crues on the oil that may be lost (through no fault of the operator) after same has been run to the lease tank."

      Opinion No. 0-182 in part is related to the question here involved.

The tax levied by Art. 7057a, V.A.C.S., is an occupation tax on oil produced. Section 2(1) provides that "There is hereby levied an occupation tax on oil produced within this State . . . Said tax shall be computed upon the total barrels of oil produced or salvaged from the earth or waters of this State without any deductions and shall be based upon tank tables showing one hundred (100) per cent of production and exact measurements of contents." (Emphasis ours)

Section 1(8) defines "production" or "total production" as "the total gross amount of oil produced including all royalty or other interest; that is, the amount for the purpose of the tax imposed by this Article shall be measured or determined by tank tables compiled to show one hundred (100) per cent of the full capacity of tanks without deductions for overage or losses in handling." (Emphasis ours)

Section 1(12) provides that "the tax herein imposed on the producing of crude petroleum shall be the primary liability of the producer . . ." (Emphasis ours)

Section 2(2) provides: "The tax hereby levied shall be a liability of the producer of oil and it shall be the duty of such producer to keep accurate records of all oil produced, making monthly reports under oath as hereinafter provided." (Emphasis ours)

Group No. 1 Oil Corp. v. Sheppard, 89 S.W. (2d) 1021 (writ of error refused), held that the tax under the statute in question is levied on the business or occupation of producing the oil.

State v. Humphrey, 159 S.W. (2d) 162 (Beaumont Court of Civil Appeals), held that the producer was liable for the tax on illegally produced oil which was confiscated by the State. The Court said:

"The tax levied by Article 7057a is an occupation tax on oil produced. Sec. 2, Id. The moment the oil was produced the tax accrued - that is the moment oil is taken from the ground, a tax measured by the number of barrels of oil taken accrues, and under the statute is payable

the 15th of the next month. This tax does not depend on what becomes of the oil, whether it is sold, stolen, or destroyed, because the tax is not a gross proceeds tax, a sales tax, or a transfer tax, but is an occupation tax, so denominated by part (1) of Section 2 of Article 7057a, R.S." (Italics added)

Our answer to your inquiry is that the production tax accrues on the oil that may be lost, through no fault of the operator, after it has been run to the lease tank.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 25, 1944

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Arthur L. Moller
Assistant

ALM:ff





APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN